UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA PATTERSON,<br><br>    Petitioner,<br><br>  v.<br><br>J. CAVAZOS, Warden,<br><br>    Respondent. | 1:10-cv–01427-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS THE PETITION (DOCS. 14, 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT LEAVE TO AMEND (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on February 14, 2011. Petitioner filed an opposition to the motion on February 28, 2011. No reply was filed.

I. Background

Petitioner alleges that she was an inmate of the Central

1

California Women's Facility at Chowchilla, California, serving a sentence of twenty-five (25) years to life imposed on April 12, 1985, by the San Bernardino County Superior Court upon Petitioner's conviction of first degree murder in violation of Cal. Pen. Code 187. (Pet. 2.)

Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made after a hearing held on August 18, 2008, finding Petitioner unsuitable for parole. (Pet. 5.) Petitioner alleges that she suffered a denial of due process because there was no evidence to support the BPH's decision. Petitioner argues that evidence of her rehabilitation precluded the BPH's reliance on the commitment offense and other unchanging factors to support a finding that Petitioner continued to present a danger if she were released. Petitioner also cites California regulatory law in support of her release. (Id. at 6.)

II. Failure to State a Cognizable Due Process Claim

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

3

>    to California's received adequate process when he
>    was allowed an opportunity to be heard and was provided
>    a statement of the reasons why parole was denied.
>    (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

>    They were allowed to speak at their parole hearings
>    and to contest the evidence against them, were afforded
>    access to their records in advance, and were notified
>    as to the reasons why parole was denied....
>
>    That should have been the beginning and the end of
>    the federal habeas courts' inquiry into whether
>    [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause.  Id. at 862-63.

  Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout.  Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

  Petitioner cites state law concerning the determination of parole suitability.  To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131

4

S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

In summary, the Court concludes that Petitioner has failed to state a due process claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner has not alleged that she was deprived of an opportunity to be heard or a statement of reasons for the decision. Further, neither Petitioner nor Respondent provided the Court with a transcript of the parole suitability hearing. However, it is clear from the allegations in the petition that Petitioner attended the parole suitability hearing (pet. 5) and made statements to the BPH in the course of answering questions posed by the commissioners at the hearing (id. at 6). Further, from Petitioner's repeated references to the BPH's reasons for the denial of parole, it is reasonably inferred that Petitioner received a statement of reasons for the decision of the BPH.

Thus, Petitioner's own allegations establish that she had an opportunity to be heard and received a statement of reasons for the decision in question. It therefore does not appear that Petitioner could state a tenable due process claim.

Accordingly, it will be recommended that the motion to dismiss the petition be granted, and the petition be dismissed

without leave to amend.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v.

6

1  Cockrell, 537 U.S. at 338.

2     A district court must issue or deny a certificate of
3  appealability when it enters a final order adverse to the
4  applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

5     Here, it does not appear that reasonable jurists could
6  debate whether the petition should have been resolved in a
7  different manner. Petitioner has not made a substantial showing
8  of the denial of a constitutional right.

9     Therefore, it will be recommended that the Court decline to
10 issue a certificate of appealability.

11    IV.  <u>Recommendation</u>

12     Accordingly, it is RECOMMENDED that:

13    1) Respondent's motion to dismiss the petition be GRANTED;
14 and

15    2) The petition be DISMISSED without leave to amend; and

16    3) The Court DECLINE to issue a certificate of
17 appealability; and

18    4) The Clerk be DIRECTED to close the case because an order
19 of dismissal would terminate the case in its entirety.

20     These findings and recommendations are submitted to the
21 United States District Court Judge assigned to the case, pursuant
22 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
23 the Local Rules of Practice for the United States District Court,
24 Eastern District of California. Within thirty (30) days after
25 being served with a copy, any party may file written objections
26 with the Court and serve a copy on all parties. Such a document
27 should be captioned "Objections to Magistrate Judge's Findings
28 and Recommendations." Replies to the objections shall be served

7

and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 13, 2011**                         /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE